UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHANTEL ASKEW<br>1077 Toby Terrace<br>Akron, OH 44303<br><br>on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>TRUE HEARTS OF CARE, LLC<br>c/o Statutory Agent Latoria Weaver<br>1501 ½ South Main Street<br>Akron, OH 44301<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Chantel Askew, by and through counsel, and for her Complaint against True Hearts of Care, LLC ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek, and for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principle place of business is in Akron, Ohio, Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Summit County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendant maintained its principal place of business in Summit County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C.§ 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant provides direct care services and transportation to individuals with developmental disabilities.

14. Plaintiff Chantel Askew was employed by Defendant between June 2017 and June 2019.

15. At all relevant time herein, Plaintiff was employed in a direct care position, providing care and in-home support for develop-mentally disabled individuals in their homes.

16. Other similarly situated employees were employed by Defendant in direct care positions.

17. Plaintiff and other similarly situated employees were employed by Defendant as non-exempt employees under the FLSA.

18. Plaintiff and other similarly situated employees were paid an hourly wage.

19. Plaintiff and other similarly situated employees worked over 40 hours each week and were paid overtime compensation.

**(Failure to Pay For All Hours Worked)**

20. Plaintiff and other similarly situated employees were paid by Defendant for time spent at client appointments.

21. Plaintiff and other similarly situated employees performed work between client appointments, including but not limited to driving to and from client homes.

22. However, Defendant did not pay Plaintiff and other similarly situated employees for all of the hours they worked between client appointments.

23. All of these activities occurred between the commencement of their first principal activity and the completion of their last principal activity during the workday, and thus, are compensable under the continuous workday rule.

24. Plaintiff had approximately two to three appointments per day during her employment with Defendant, and was not paid for an average of 30 to 45 minutes of driving between client appointments per day.

25. As a result of Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all of the work they performed between client appointments, Plaintiff and other similarly situated employees were denied significant amounts of overtime compensation.

**(Failure to Keep Accurate Records)**

26. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff and other similarly situated employees, including time worked between client appointments.

**(Defendant Willfully Violated the FLSA)**

27. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § (b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

29. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All current and former direct care employees employed by True Hearts of Care, LLC any time between July 16, 2016 and the present.

30. The amount of some of the overtime hours of Plaintiff and other similarly situated employees worked are reflected on their time sheets and pay stubs.

31. Plaintiff estimates that on average she spent between 30 to 45 minutes per day driving between client appointments.

32. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 75 persons.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

34. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All current and former direct care employees employed by True Hearts of Care, LLC at any time between July 16, 2016 and the present.

36. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 75 persons.

37. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its direct care employees for hours worked between client appointments in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff Chantel Askew and other members of the class for Defendant's violation of R.C. §§ 4111.03 and 4111.10.

38. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

39. Named Plaintiff Chantel Askew will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

40. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

44. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed between client appointments violated the FLSA, 29 U.S.C. § 207.

45. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

46. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

47. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

50. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed between client appointments violated the OMFWSA, R.C. § 4111.03.

51. By failing to pay Plaintiff and other similarly situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

52. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

      /s/ Lori M. Griffin
      One of the Attorneys for Plaintiff