# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHANTAL ASKEW, on behalf of herself and all others similarly situated, ) ) ) | CASE NO. 5:19-cv-1619 |
| PLAINTIFF, ) ) | JUDGE SARA LIOI |
| vs. ) ) | **MEMORANDUM OPINION AND ORDER** |
| TRUE HEARTS OF CARE, LLC, ) ) | |
| DEFENDANT. ) | |

Before the Court is the motion for judgment on the pleadings filed by defendant True Hearts of Care, LLC ("THC" or "defendant"). (Doc. No. 14 ["Mot."].) Plaintiff Chantal Askew ("Askew" or "plaintiff") filed an opposition brief (Doc. No. 15 ["Opp'n"]) and THC filed a reply (Doc. No. 16 ["Reply"]). For the reasons set forth herein, the motion is denied.[1]

## I. BACKGROUND

On July 16, 2019, Askew filed her complaint against THC under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219.[2] "[THC] provides direct care services and transportation to

---

[1] In ruling on this motion, the Court has excluded matters outside the pleadings as required by Fed. R. Civ. P. 12(d); that is, it has not considered the exhibits attached to either Askew's opposition brief or THC's reply brief. It has, however, considered the exhibits attached to THC's answer/counterclaim. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (in ruling on a motion under Rule 12, a court "may consider the [pleadings] and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [pleadings] and are central to the claims contained therein.").

[2] Although the complaint purports to be brought as both a collective action and a class action, to date, neither a collective nor a class has been sought or certified, although one person, in addition to Askew, has filed a notice of intent to opt-in under the FLSA. (*See* Doc. No. 3.) At this juncture, Askew is the only plaintiff. Given the facts as currently alleged, it is highly unlikely that the Court would certify either a collective or a class. *See Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765–66 (N.D. Ohio 2015) (citing cases for the proposition that courts have discretion to make a thorough finding regarding the "similarly situated" requirement, based upon a more fully developed record); *see also Jones-Turner v. Yellow Enter Sys., LLC*, 597 F. App'x 293, 298 (6th Cir. 2015) (affirming decertification because, "without a viable claim, lead plaintiffs cannot represent others whom they allege to be similarly situated").

individuals with developmental disabilities." (Doc. No. 1, Complaint ["Compl."] ¶ 13; Doc. No. 5, Answer ["Answer"] ¶ 13.) Askew was employed by THC[3] "in a direct care position, providing care and in-home support for developmentally disabled individuals in their homes." (Compl. ¶ 15; Answer ¶ 15.) She was paid on an hourly wage basis. (Compl. ¶ 18; Answer ¶ 18.)

Although Askew acknowledges she was paid overtime for hours worked in excess of 40 hours per week (Compl. ¶ 19; Answer ¶ 19), she alleges she was not paid for hours worked between client appointments, including time spent driving to and from client homes, which is allegedly compensable time under the "continuous workday rule." (Compl. ¶¶ 21–23.)

The gravamen of Askew's complaint is the allegation that she "had approximately two to three appointments per day during her employment with [THC], and was not paid for an average of 30 to 45 minutes of driving between client appointments per day." (*Id.* ¶ 24; *see also* ¶ 31.)

THC denies that plaintiff traveled between client homes at all, indicating instead that she worked full shifts at each individual client's home, and that she was paid for all time worked, as reflected in time sheets attached to THC's answer. (Answer ¶¶ 21–22; Doc. No. 5-2, Time Sheets ["Ex. B"].) Defendant denies Askew's allegation that she had two to three appointments per day and was not paid for 30 to 45 minutes of driving between appointments per day. (Answer ¶¶ 24, 31.)

In its counterclaim, defendant alleges that Askew was generally scheduled to work 8- to 10-hour shifts (which Askew admits), the entirety of which was performed at one location for the duration of each shift, without clocking out (which Askew denies). (Doc. No. 5, Counterclaim ["Countercl."] ¶ 57; Doc. No. 13, Answer to Counterclaim ["Answer to Countercl."] ¶ 5.) THC

---

[3] The exact time parameters of plaintiff's employment are disputed. (*See* Compl. ¶ 14; Answer ¶ 14.) However, that issue is not relevant for resolution of the instant motion.

also alleges that Askew was not permitted to provide any form of transportation or do any driving during her shifts, a condition of her employment that Askew acknowledged in writing. (Countercl. ¶ 58; Doc. No. 5-1, Non-Driver Affidavit ["Ex A"].) Askew denies this allegation. (Answer to Countercl. ¶ 6.) THC alleges that Askew falsified her time sheets, both charging for time she did not work and claiming time for training she did not attend. (Countercl. ¶ 60 and Ex. B.) Askew denies these allegations. (Answer to Countercl. ¶ 8.) On February 13, 2019, as Askew admits, she was suspended due to multiple write-ups for failing to appear for scheduled shifts. (Countercl. ¶ 68; Answer to Countercl. ¶ 16.) Finally, as Askew also admits, she was eventually placed on unpaid administrative leave due to an assault charge and, ultimately, was terminated. (Countercl. ¶ 71; Answer to Countercl. ¶ 19.)

## II.    DISCUSSION

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). While detailed factual allegations are not required, Fed. R. Civ. P. 8(a)(2) calls for sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully[,]" *id.*, and the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted).

THC argues that, because Askew was paid for all the time she worked, THC is entitled to judgment. (Mot. at 118.) THC points to the Portal Act under which employers are not required to pay for time spent "'traveling to and from the actual place of performance of the principal activity or activities [which an] employee is employed to perform[]'" or for "preliminary or postliminary activities which occur either before or after the workday begins or ends." (Mot. at 120 (quoting 29 U.S.C. § 254(a)).)

THC also notes that Askew's complaint does not allege she did not receive compensation for hours submitted,[4] but rather only that she was not paid for time traveling between client appointments. (Mot. at 123 (citing Compl. ¶¶ 24, 31, 37).) THC argues that Askew's time sheets, which she herself completed and submitted, show that she was fully paid and that there were no write-offs for travel. (*Id.* at 121.) THC argues that Askew's time sheets "show that [she] worked almost exclusively with one client at a time for the entire duration of each shift." (*Id*. at 121–22.)

---

[4] In fact, Askew affirmatively alleges that she *was* "paid by [d]efendant for time spent at client appointments." (Compl. ¶ 20.) Her complaint is limited to a claim that defendant "did *not* pay . . . for all of the hours . . . worked between client appointments." (*Id*. ¶ 22 (emphasis added).)

4

Moreover, even on the few occasions where Askew worked with more than one client, "there are no 30 to 45 minute gaps between 'appointments' as [p]laintiff falsely alleges." (*Id.* at 122.) THC points to several illustrative examples in Askew's time sheets. For instance, on July 13, July 14, and July 15, 2018, and January 23, 2019, although Askew worked with two clients on each of those days, she remained clocked in for her entire shift, with no gaps for travel, and was paid for the full time each day. (Ex. B at 48–49, 74.)

Askew, in opposition, asserts that the FLSA requires compensation for travel time under the "continuous workday rule" if the travel itself is an indispensable part of performing one's job. (Opp'n at 134–35.) She argues she is not seeking compensation for driving clients but for travel time between clients, which is permissible, in her view. (*Id.* at 135.) She points to different time sheet entries where there are gaps of between 15 minutes[5] to 60 minutes, for which she was not paid. (*Id.* at 130 (citing Ex. B at 48 (7/10/18); 50 (7/22/18); 56 (8/30/18); 74 (1/21/19)).) She claims these entries are sufficient to substantiate her allegations that she had uncompensated travel between client appointments. (*Id.* at 132.)

In reply, THC argues that the gaps identified by Askew could not possibly have been travel time because either the two clients lived together or lived in the same building (requiring no travel), or the distance driven would not have required 60 minutes of travel. Therefore, THC asserts that any gaps can only be attributed to personal time.

The allegations that are *most central* to Askew's complaint are as follows:

---

[5] The Court notes, however, that "[i]f the time spent on the activities at issue is *de minimis*, then the time is not compensable even if the activities are integral and indispensable to the job the employee was hired to perform." *Lacy v. Reddy Elec. Co.*, No. 3:11-cv-52, 2013 WL 3580309, at *7 (S.D. Ohio July 11, 2013) (citing *Rutti v. Lojack Corp., Inc.*, 596 F.3d 1046, 1057 (9th Cir. 2010)).

> 24. Plaintiff had approximately two to three appointments per day during her employment with Defendant, and was not paid for an average of 30 to 45 minutes of driving between client appointments per day.
>
> 25. As a result of Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all of the work they performed between client appointments, Plaintiff and other similarly situated employees were denied significant amounts of overtime compensation.

(Compl. ¶¶ 24–25.) Plaintiff's complaint further alleges that the amounts of time "are reflected on [her] time sheets[,]" which show "that on average she spent between 30 to 45 minutes per day driving between client appointments." (*Id.* ¶¶ 30–31.)

As already noted, "[t]o survive a motion [for judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Based solely on the pleadings, THC has not shown Askew's factual allegations to be implausible. The Court notes, however, that, were it to consider the matters that have been excluded, Askew's factual allegations *would* appear discredited (or even false).[6] Therefore, it is possible that THC may prevail at the summary judgment stage; however, the Court is not prepared to enter judgment on the pleadings.

---

[6] For example, assuming for the sake of argument that Askew was permitted to drive as part of her employment with THC (which appears doubtful on this record -- *see* Answer/Counterclaim, Ex. A), and further assuming that driving between client appointments is compensable under the FLSA (which is doubtful to the extent the time may have been *de minimis*), even the few examples Askew highlights in her opposition brief do not appear to support her allegation that she had "two to three appointments per day" when she was not paid "for an average of 30 to 45 minutes of driving between client appointments[.]" (Compl. ¶ 24.)

### III. CONCLUSION

For the reasons set forth above, although the Court recognizes several weaknesses in plaintiff's claims, at this juncture they cannot be deemed implausible. Therefore, defendant's motion for judgment on the pleadings (Doc. No. 14) is denied.

The Court will separately issue a Case Management Plan and Trial Order, without the need to conduct a Case Management Conference.

**IT IS SO ORDERED**.

Dated: January 7, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**